*WESTERN DIS October, 1833.*

HAMBLIN *vs.* HOOK ADM'RX.

---

## HAMBLIN *vs.* HOOK, ADMINISTRATRIX.

The father-in-law is a competent witness to testify in behalf of his son-in-law.

The 984th article of the *Code of Practice*, which requires all unliquidated claims against an estate to be first presented to the administrator before suit is brought, *does not require proof or evidence to be produced to him.*

The plaintiff sues on an account for $707 18, alleged to be due by the late C. F. Morehouse, whose estate is administered by the defendant. She denies that she refused to allow the account, and avers that she noted the items in the one presented to her, which she was willing to allow, those that required proof and those that were absolutely inadmissible. She avers that the account sued on, although containing the same items, is not the one she noted. She offered proof of the items she approved, and others which

Western Dis *she* marked when the account was first presented and
October, 1832.
prayed to be allowed her costs.

HAMBLIN          On hearing all the evidence the Probate Judge rejected
*vs.*
HOOK ADM'RX. several items in the account, allowed the remainder and
decreed that the plaintiff should pay costs for having insti-
tuted his action prematurely.

On the trial the plaintiff introduced Robert Williams, his
*father-in-law*, as a witness to prove his account. The wit-
ness was objected to, as being disqualified on the ground
of *affinity* under the 2260th article of the *Civil Code*. The
court overruled the the objection, and a bill of exceptions
was taken.

MARTIN, J., delivered the opinion of the court.

The defendant, sued on an unliquidated claim against the
estate, pleaded the general issue, and that the amount sued
on was presented to her according to law; but that another
was presented to her, on which she admitted such of the
items, as appeared to her correct and declared her willing-
ness to allow the others *if they were proven.*

The plaintiff had judgment for part of his claim, but was
decreed to pay costs. He appealed.

Our attention has been first drawn to a bill of exceptions
taken by the defendant to the admission of the plaintiff's
The father-in- father-in-law, as a witness for him. There was a difference of
law is a compe-
tent witness to sentiments on this question between one of the members of
testify in behalf
of his son--in-law. this court and the others, but we are all satisfied that the
law on this head may be considered as settled by the case of
*Bernard et al.* vs. *Viguaud.* 10 *Martin*, 554.

On the merits we think the Court of Probates correctly
rejected the items in the account, which it rejected.

But we think it erred in sustaining the *defendant's* pre-
tentions on the score of costs. The *Code of Practice*, 984,
requires indeed the presentation of an unliquidated claim to
the administrator of an estate before suit be brought there-
on, but we are ignorant of any law requiring proof or
evidence to be produced to him. This, in many cases, would

be impossible; in others difficult. The witnesses may reside at a distance, and even out of the state; or if more, may refuse to come. If the administrator be not satisfied with the correctness of the claim, nothing prevents his objecting thereto or refusing his approval. If he does, the party may bring suit. 1 *Martin*, 986.

WESTERN DIS
October, 1833.

PAGOUD
*vs.*
GUICE,
ADM'R, ETC.

The 984th article of the *Code of Practice*, which requires all unliquidated claims against an estate to be first presented to the administrator before suit is brought, does not require proof or evidence to be produced to him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, and proceeding to give such a judgment as in our opininion ought to have been given below ; it is ordered, adjudged and decreed, that the plaintiff recover from the defendants one hundred and forty-five dollars and forty-three cents, with interest at the rate of five per cent. per annum on sixty-five dollars and eighteen cents, from the 18th January, 1833, and on eighty dollars and twenty-five cents, from the date of this judgment, the whole to be paid in the due course of the administration of the estate, with costs in both courts.